(C.D. 3241)

F. B. Vandegrift & Co., Inc. *v.* United States

United States Customs Court, Second Division

(Decided January 3, 1968)

*Allerton deC. Tompkins* for the plaintiff.

*Edwin L. Weisl, Jr.,* Assistant Attorney General (*Sheila N. Ziff* and *Andrew P. Vance,* trial attorneys), for the defendant.

Before Rao and Ford, Judges

Rao, Chief Judge: The merchandise covered by the instant protest consists of men's wool duffle coats which were classified by the then collector of customs at Philadelphia under item 380.03 of the Tariff Schedules of the United States as men's or boys' wearing apparel, ornamented, at a rate of duty of 42.5 per centum ad valorem.

The plaintiff claims that the merchandise should be classified as other men's or boys' wearing apparel, not knit, or ornamented, in chief value of wool, not over $4 (United States) per pound at a duty rate of 21 per centum ad valorem, plus 25 cents per pound, as provided for in item 380.63 of the Tariff Schedules of the United States.

(1)

The pertinent parts of the respective provisions read as follows:

| 380.03 | * * * and other men's or boys' wearing apparel, ornamented_____ | 42.5% ad val. |
|---|---|---|
| | Other men's or boys' wearing apparel, not ornamented: | |
| | * * * * * * * | |
| | Of wool: | |
| | * * * * * * * | |
| | Not knit: | |
| 380.63 | Valued not over $4 per pound_____ | 25¢ per lb. + 21% ad val. |

The record herein consists of the testimony of one witness and two exhibits, all introduced by the plaintiff.

Plaintiff's exhibit 1 is a tabulation prepared by the witness William Weisburg showing the calculation of the costs per pound of the merchandise in dispute expressed in United States dollars.

Plaintiff's exhibit 2 comprises the entry papers here involved.

It has been stipulated between counsel for the respective parties that the merchandise herein consists of "men's and boys' wearing apparel in chief value of wool, not knit and not ornamented."

Mr. William Weisburg, vice president of the ultimate consignee, Convoy Corporation, and also vice president of Stanley Blacker, Inc., a large manufacturer of men's coats, testified that he has been in the wearing apparel business since 1923 and that he is personally familiar with the men's coats at bar and that they are called "Convoy Coats"; that the same model coats as the merchandise herein made of the same weight and quality fabric have been continuously imported by his company from 1962 through 1965.

He further testified that one of his duties was to check all the documents relating to a shipment and that he personally supervised and tabulated the per pound value of the imported coats herein; that he prepared the tabulation, as represented by plaintiff's exhibit 1, which shows that the protested merchandise is substantially under the $4 value per pound.

In the Tariff Schedules of the United States where men's wearing apparel is in chief value of wool, it is classified at a dutiable rate based on the dollar value per pound of wool.

The record clearly established that the dollar value of the importation herein is substantially under the $4 per pound value.

Notice is taken of the fact that the defendant, although granted time for filing a brief in this case, requested to be relieved therefrom on the basis that it considers the claim of the plaintiff to be a valid one.

Upon the record herein presented, we find and hold that the merchandise here involved is provided for in item 380.63 of the Tariff Schedules of the United States, as other men's or boys' wearing apparel of wool, not ornamented or knit, valued not over $4 per pound, which is dutiable at the rate of 25 cents per pound and 21 per centum ad valorem. The claim in the protest to that effect is sustained.

Judgment will be entered accordingly.